**FILED**

OCT 1 8 2002

LARRY W. PROPES, CLERK
CHARLESTON, SC

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

DELORES L. BAXTER,

        Plaintiff,

vs.

CHARLESTON ORPHAN HOUSE, INC.,
d/b/a CAROLINA YOUTH DEVELOPMENT
CENTER,

        Defendant.

Civil Action No.  2-02-0011-18BG

**NOTICE OF MOTION AND
MOTION TO COMPEL DISCOVERY**

TO:    JAMES L. BELL, ESQUIRE, ATTORNEY FOR PLAINTIFF

PLEASE TAKE NOTICE Defendant, Charleston Orphan House, Inc. d/b/a Carolina

Youth Development Center, by and through their undersigned attorneys, hereby moves the Court

for an Order compelling Plaintiff, Delores L. Baxter, to respond fully to Defendant's First Set of

Interrogatories and Defendant's First Set of Requests for Production.  The grounds for this

Motion are as follows:

1.    Defendant served its First Set of Interrogatories and First Set of Requests for

Production on August 23, 2002 (copies attached hereto as Exhibit "A"); and

2.    Defendant's counsel granted Plaintiff's counsel an extension until October 7,

2002 to respond to Defendant's First Set of Interrogatories and First Set of Requests for

Production (copy attached hereto as Exhibit "B");

3.    Defendant's counsel sent correspondence dated October 15, 2002 requesting that

Plaintiff's counsel forward his responses to Defendant's First Interrogatories and First Requests

for Production no later than Friday, October 18, 2002 (copy attached hereto as Exhibit "C").



4.    Defendant's counsel's legal assistant attempted on no less than four occasions between October 7 and October 15 to contact Plaintiff's counsel's legal assistant to inquire as to why the requested discovery responses had not been produced to Defendant's counsel, as requested. The phone calls and detailed messages were not returned or answered.

5.    Defendant's counsel attempted to contact Plaintiff's counsel by telephone during this same time period in an attempt to obtain the requested discovery responses. Defendant's counsel's phone call was not returned.

6.    To date, Defendant's counsel has not received any discovery responses from Plaintiff, nor any response to his repeated efforts to obtain same.

This Motion is supported by the pleadings in this case, the discovery served in the case, and such other matters as the Court deems appropriate. Counsel for Defendant certifies that the filing of a Memorandum in Support of this Motion is unnecessary. Counsel for the Defendant also certifies that he has attempted to resolve this matter with counsel for Plaintiff and such attempts have not produced a response to the outstanding discovery.

J. Walker Coleman, IV (Fed. ID# 6007)
E-mail: wcoleman@npjp.com
Mary L. Hughes (Fed. ID# 7067)
E-mail: mhughes@npjp.com
NEXSEN PRUET JACOBS POLLARD &
        ROBINSON, LLC
200 Meeting Street, Suite 301
P.O. Box 486
Charleston, South Carolina  29401
(843) 577-9440

ATTORNEYS FOR DEFENDANT
CHARLESTON ORPHAN HOUSE, INC., d/b/a
CAROLINA YOUTH DEVELOPMENT
CENTER

October 18 2002
Charleston, South Carolina

2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| DELORES L. BAXTER, | Civil Action No. 2-02-0011-18BG |
| Plaintiff, | |
| vs. | |
| | **CERTIFICATE OF SERVICE** |
| CHARLESTON ORPHAN HOUSE, INC., d/b/a CAROLINA YOUTH DEVELOPMENT CENTER, | |
| Defendant. | |

I certify that a copy of the foregoing **Notice of Motion and Motion to Compel Discovery** has been served upon the following counsel of record by mailing a copy of the same to him, postage prepaid, in the United States Mail, addressed as shown below this _10TH_ day of October, 2002.

**James L. Bell, Esquire**
**THE BELL LAW FIRM, P.A.**
**184 East Bay Street, Suite 303**
**P.O. Box 778**
**Charleston, SC  29402-0778**

_Enita B Shorter_

NEXSEN PRUET JACOBS POLLARD & ROBINSON, LLC
200 Meeting Street, Suite 301
P.O. Box 486
Charleston, South Carolina  29401
(843) 577-9440

# NEXSEN PRUET
## JACOBS POLLARD & ROBINSON, LLC
### ATTORNEYS AND COUNSELORS AT LAW

J. WALKER COLEMAN, IV
MEMBER

DIRECT DIAL
843-720-1770
WColeman@NPJP.com

August 23, 2002

James L. Bell, Esquire
THE BELL LAW FIRM, P.A.
184 East Bay Street, Suite 303
P.O. Box 778
Charleston, SC   29402-0778

Re:    *Delores L. Baxter v. Charleston Orphan House, Inc., d/b/a Carolina Youth Development Center*
Civil Action No. 2:02-0022-18

Dear Jim:

Although the court has not ruled on Defendant's Motion to Dismiss, I want to at least get written discovery moving along. Therefore, enclosed for service upon you, please find Defendant's First Set of Interrogatories and Requests for Production in connection with the above-referenced matter.

With kind regards, I remain

Sincerely yours,

J. Walker Coleman, IV

JWC,IV:ebs
Enclosures
cc:    Bonnie S. Bella, Ph. D. (w/encls.)



**EXHIBIT**

A

200 MEETING STREET, SUITE 301, CHARLESTON, SC (29401) ■ POST OFFICE BOX 486, CHARLESTON, SC (29402)
843-577-9440 ■ FAX 843-720-1770
www.NPJP.com

OFFICES ALSO IN:

CHARLOTTE, NC          COLUMBIA, SC          GREENVILLE, SC          HILTON HEAD, SC          MYRTLE BEACH, SC

NELSEN PRUET JACOBS POLLARD & ROBINSON, LLP

James L. Bell, Esquire
August 23, 2002
Page 2


bcc:    Ms. Brenda Tyer (w/encls.) – Policy No. 8159-95-86A
        Mary L. Hughes, Esquire

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

DELORES L. BAXTER,

       Plaintiff,

vs.

CHARLESTON ORPHAN HOUSE, INC.,
d/b/a CAROLINA YOUTH DEVELOPMENT
CENTER,

       Defendant.

Civil Action No.  2-02-0011-18BG

**DEFENDANT'S FIRST SET OF
INTERROGATORIES TO PLAINTIFF**

TO:    JAMES L. BELL, ESQUIRE, ATTORNEY FOR PLAINTIFF

Defendant Charleston Orphan House, Inc., d/b/a Carolina Youth Development Center ("Defendant"), pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby propound the following First Set of Interrogatories to Plaintiff, Delores L. Baxter, to be answered separately, in writing and under oath, within 30 days of the date of service hereof.

## INSTRUCTIONS

(A)    Every Interrogatory herein shall be deemed a continuing Interrogatory and Plaintiff is to supplement her answers promptly, if and when she obtains relevant information in addition to, or in any way inconsistent with, her initial answer to any such Interrogatory, in accordance with Rule 26(e) of the Federal Rules of Civil Procedure.

(B)    Should privilege be claimed with regard to any information requested herein, the answer must, in each instance, state specifically the information sought, the privilege claimed, and the ground(s) on which the claim of such privilege is based.  Should Plaintiff be unable for cvreasons other than privilege to provide any information requested herein, the answer must, in each such instance, indicate specifically the information sought, the reason such information is presently unavailable and an estimate of the time within which such information will be presented to the undersigned.

If Plaintiff objects to any portion of an Interrogatory on the ground that it seeks privileged information, identify all persons to whom such information has been disclosed, the nature of the privilege asserted and the dates of any communications for which privilege is asserted.

If Plaintiff objects to an Interrogatory on the ground that it is too broad (i.e., that it calls for information which is relevant to the subject matter of the action and information which is not), provide such information which is concededly relevant. If Plaintiff objects to an Interrogatory on the ground that to provide an answer would constitute an undue burden, provide such requested information as can be supplied without undertaking an undue burden. For those portions of any Interrogatory to which Plaintiff objects or otherwise declines to answer, state the reason for such objection(s) or declination(s).

(C)     When an Interrogatory requests the identity of a natural person, the answer thereto should contain the following: (1) the full name of such person; (2) the employer and job title of such person at the time of the event, transaction or occurrence to which the Interrogatory relates; (3) the present employer and job title of such person, if known; and (4) the last known residential address and an active telephone number of such person.

(D)     When an Interrogatory requests the identity of a corporation (of any sort), partnership (of any sort), association or other entity, the answer thereto should contain the following: (1) the full legal name of such entity; (2) all names by or under which such entity operates or otherwise conducts business; (3) the address of the principal place of business of such entity; (4) the state in which the organizational documents for such entity were filed or registered; (5) the name and address of the entity's agent for service of process, if known; and (6) the name of all persons who acted on behalf of such entity with respect to the subject matter of this Interrogatory.

(E)     When an Interrogatory asks for the identity of, or a description of, a document, the answer thereto should contain the following: (1) the title, heading, or caption of such document; (2) identifying numbers or letters or a combination thereof, if any, and an explanation of the significance of such numbers, letters or combination thereof; (3) all dates appearing on such document as dates that such document was dictated, prepared, mailed, received or any combination thereof or, if no such date appears thereon, the answer should so state and should give the exact or approximate date that such document was prepared; (4) a description of the general nature of the document and the number of pages of which it consists; (5) the name of each person known to have participated in the preparation thereof; (6) the name of the address of the document and the names of all persons to whom such document or copy thereof was sent; and (7) the name of the person who has custody of the original of such document and the name of each person with custody over a copy thereof. The foregoing information shall be given in sufficient detail to enable a person to whom a subpoena is directed to identify fully the documents to be produced and to enable the Defendant to determine that

2

the documents produced in response to any such subpoena are in fact the documents identified in the answer to the Interrogatory. The document itself may be produced as an alternative to providing such description.

## DEFINITIONS

(A)  As used in these Interrogatories, the term "document" means any handwritten, typewritten, printed, recorded or graphic matter including all copies of the above, however produced or reproduced, in the possession, custody or control of Plaintiff and whether or not claimed to be privileged including, but not limited to, correspondence, reports, meeting minutes, memoranda, notes, schedules, photographs, ledgers, requisitions, journals, books of accounts, contracts, drawings, blueprints, checks, diaries and e-mails.

(B)  The terms "identify" and/or "identity," when used in reference to a person, mean to  state that person's full name, present or last known address and telephone number and present or last known position and business affiliation.

(C)  The terms "describe" and/or "description," if used in reference to a person, mean to identify such individual person. If used in reference to a document, these terms mean to state the following as to each document: (a) The nature and contents thereof; (b) the date thereof; (c) the name, present address and position of the author or signer thereof; (d) the name, address and position of the addressee, if any; and (e) the present location thereof and the name, present address and position of the person or persons having present custody thereof.

## INTERROGATORIES

1.  Give the full names, correct addresses and telephone numbers of persons known to the Plaintiff or her counsel to have knowledge concerning the facts, events, conditions, circumstances, claims, or allegations surrounding this lawsuit, regardless of whether such information was obtained prior to, during the time of, or following Plaintiff's separation from 3V Inc, and indicate whether or not written or recorded statements (including affidavits) have been taken from the witnesses and, if so, indicate who has possession of such statements and, if not, set forth a **specific** summary sufficient to inform Defendant of the important facts known to or observed by the witnesses.

2.  Set forth a list of photographs, plats, sketches or other prepared documents in possession of the Plaintiff or her counsel that relate to the claim or defense in the case.

3.  List the name(s), address(es) and active telephone numbers of any expert witness whom the Plaintiff proposes to use as a witness at the trial of this case, describe his/her qualifications as an expert, state the subject matter upon which he/she is expected to testify, state the substance of the facts and opinions to which he/she is expected to testify, and give a summary of the grounds for each of his/her opinions.

4.  State whether Plaintiff has ever been a party or claimant in a workers' compensation claim, charge of discrimination , lawsuit, or other legal or administrative claim or action

3

not related to this action, and for each such claim or action, set forth the date the claim or action was filed, the civil action number or other identifying number, the forum and location in which the claim or action was filed, the nature of the claim or action filed, and the final resolution of the claim or action.

5.    Identify each person who aided in answering these Interrogatories, giving a full name, street address and active telephone number.

6.    Identify each and every person by name, address and telephone number with whom Plaintiff has communicated about this case and/or the facts of this case and/or who actually witnessed the conduct complained of in the Complaint.

7.    Specifically describe Plaintiff's employment history since age 18.  In answering this Interrogatory, identify each employer, the dates of employment, a brief description of job duties and responsibilities and the reason(s) for termination of employment.

8.    Set forth a **specific itemized statement** of all damages (including lost income, benefits or earning capacity), exclusive of pain and suffering, claimed to have been suffered by Plaintiff as a result of the incidents described in the Complaint.  For **each item** of damage, state the date incurred, the name and business address to whom each item of damage was paid or is owed, the goods and services for which each was incurred, and the specific method used in calculating each amount.

9.    List the names and current business addresses of each physician, psychotherapist or psychologist, medical facility and other health care provider by whom or at which Plaintiff has been examined or treated in the past 10 years and, as to each, state the dates of each examination or treatment, the condition or injury for which Plaintiff was examined or treated and the diagnosis rendered.

10.    Please describe with specificity all efforts made by Plaintiff to mitigate her alleged damages.

11.    For each employer with which Plaintiff has **sought** employment since her termination from Defendant, set forth:  the name, address and telephone number of the employer; the date(s) on which Plaintiff sought work from the employer; the person(s) with whom Plaintiff had contact; whether Plaintiff received an offer of employment and, if so, the position and pay level offered; and if Plaintiff was offered employment, whether Plaintiff accepted or rejected the offer, and if the offer was rejected, the reason for having done so.

12.    Provide a list of all employers by whom Plaintiff has been employed **since** her termination from Defendant, and set forth:  the name, address and telephone number of the employer; the position(s) held by Plaintiff; the dates of her employment with that employer; the reason for termination of the employment; the hourly and/or weekly rate of pay; and the benefits received from the employer.

J. Walker Coleman, IV (Fed. ID# 6007)
E-mail: wcoleman@npjp.com
Mary L. Hughes (Fed. ID# 7067)
E-mail: mhughes@npjp.com
NEXSEN PRUET JACOBS POLLARD &
      ROBINSON, LLC
200 Meeting Street, Suite 301
P.O. Box 486
Charleston, South Carolina  29401
(843) 577-9440

ATTORNEYS FOR DEFENDANT
CHARLESTON ORPHAN HOUSE, INC., d/b/a
CAROLINA YOUTH DEVELOPMENT
CENTER

August **23**, 2002

Charleston, South Carolina

5

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

## CHARLESTON DIVISION

| | |
|---|---|
| DELORES L. BAXTER, | Civil Action No. 2-02-0011-18BG |
| Plaintiff, | |
| vs. | |
| CHARLESTON ORPHAN HOUSE, INC., d/b/a CAROLINA YOUTH DEVELOPMENT CENTER, | **DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION TO PLAINTIFF** |
| Defendant. | |

TO:    JAMES L. BELL, ESQUIRE, ATTORNEY FOR PLAINTIFF

Defendant, Charleston Orphan House, Inc., d/b/a Carolina Youth Development Center ("Defendant"), pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby request that Plaintiff either produce, or make available for inspection, review, xeroxing and copying, the documents described below:

## DEFINITIONS

(A)    As used herein, the term "document" has the same meaning as in Rule 34(a) of the Federal Rules of Civil Procedure and includes, but is not limited to, the original and drafts of all written or graphic matters, however produced or reproduced, of any kind or description and all copies thereof which are different from the original. Included in such definitions are: books, records, reports, memoranda or notes of conversations and meetings, notes, letters, telegrams, cables, telexes, diaries, charges, complaints, claims, affidavits, statements, papers, files, forms, printouts, reports, publications, communications, e-mails, contracts, agreements, calendars,

schedules, graphs, charts, contracts, releases, studies, blueprints, canceled checks, summaries, booklets, circulars, facsimilies, bulletins, instructions, minutes, bills, questionnaires, correspondence, financial statements, tapes, discs, tape recordings, microfilm, microfiche, video tapes, photographs, phonographs, records, information retrievable from computers, motion pictures and data cards, as well as any other written or recorded, transcribed, punched, taped, filmed or graphic matter on which information is recorded in writing or in sound or in any other manner, of which Plaintiff or his counsel has possession, custody and control, excepting only those documents which are privileged or otherwise protected from discovery, as to which the claim of privilege or protection is specifically stated by written notice to Defendant, as provided below.

(B)    As used herein, the phrases "regarding," "refer to" or "relate to" include the following meanings: containing, alluding to, responding to, commenting upon, discussing, showing, disclosing, explaining, mentioning, analyzing, constituting, compromising, evidencing setting forth, summarizing or characterizing, either directly or indirectly, in whole or in part.

(C)    As used herein, the term "Defendant" refers to Charleston Orphan House, Inc., d/b/a Carolina Youth Development Center and/or to any past or present officers, employees and/or agents of said named entity.

(D)    As used herein, the term "Plaintiff" refers to Delores L. Baxter.

(E)    As used herein, the term "Complaint" refers to the Complaint for alleged race discrimination, intentional infliction of emotional distress, retaliation, breach of contract and breach of the Covenant of Good Faith and Fair Dealing.

## INSTRUCTIONS

A.    If any <u>document</u> or portion thereof is, or will be, withheld because of a claim of privilege or protection, so as to aid the Court and Defendants to determine the validity of the claim of privilege or other protection, please provide the following information with respect to any such <u>document</u>(s): (a) the basis on which the privilege is, or will be, claimed; (b) the identity of the person(s) who prepared the <u>document</u>, who signed it, and over whose name the <u>document</u> was sent or issued; (c) the identity of each person to whom the document was directed; (d) the nature and substance of the <u>document</u> with sufficient specificity to enable the Court and the Defendants to identify the <u>document</u>; (e) the identity of each person who has custody of or control over the <u>document</u> and each copy thereof; (f) the date of the <u>document</u>; (g) the number of pages of the <u>document</u>; and (h) whether any non-privileged or non-protected matter is included in the <u>document</u>.

B.    Whenever you object to a particular request (or portion thereof), you must produce all <u>documents</u> called for which are not subject to that objection.  Similarly, whenever a <u>document</u> is not produced in full, please state with particularity the reason or reasons it is not being produced in full, and describe, to the best of your knowledge, information and belief and with as much particularity as possible, those portions of the <u>document</u> which are not produced.

**C.    Wherever it is reasonably practicable, please produce documents in such a manner as will facilitate their identification with the particular request or category of requests to which they are responsive.**

D.    As used herein, the words "and" and "or" shall be construed both conjunctively and disjunctively and each shall include the other wherever such dual construction will serve to bring within the scope of this Request any documents which would otherwise not be brought

3

within its scope.

      E.      As used herein, the singular form shall include the plural and vice versa whenever such dual construction will serve to bring within the scope of this Request any documents which would otherwise not be brought within its scope.

## DOCUMENTS REQUESTED TO BE PRODUCED

1.      All documents identified by Plaintiff in response to Defendant's First Set of Interrogatories.

2.      All documents consulted or referred to in preparing Plaintiff's answers to Defendant's First Set of Interrogatories.

3.      All documents or exhibits Plaintiff might use at the trial of this case, regardless of whether Plaintiff intends to introduce such documents or exhibits into evidence.

4.      All documents upon which Plaintiff intends to rely to support the allegations set forth in his Complaint and/or which Plaintiff intends to use as demonstrative aids at the trial of this action.

5.      All communications, correspondence, documents or memoranda in any form whatsoever between Plaintiff and Defendant or between Plaintiff and her present employer, family members (other than spouse) or friends regarding the allegations set forth in the Complaint.

6.      All statements (including affidavits) given by Plaintiff that are in the possession of Plaintiff or her counsel, whether written or recorded on a tape recorder or otherwise, that relate in any way to the allegations in the Complaint.

7.      All documents and reports to and from any expert(s) who might or who will testify on Plaintiff's behalf at the trial of this case.

8.    For each witness identified by Plaintiff as an expert, produce a complete curriculum vitae, resume or professional profile which includes the education, training, practical or work experience of the identified expert, along with any and all publications, books, articles, journals or seminar materials which each expert identified authored, co-authored, edited, presented, or with which each expert was otherwise involved. Also, provide all documents used by the expert in arriving at his/her opinions in this action.

9.    All documents that contain, refer to or relate to any oral reports, conclusions or comments ever prepared by those individuals whom Plaintiff expects to call as an expert witness in the trial of this action.

10.    Any and all documents showing or otherwise indicating any statement, representation or comment which Plaintiff contends constitutes an admission by Defendant concerning the facts of this case.

11.    Any and all documents constituting, discussing or otherwise pertaining in any way to correspondence or other written or oral communications between Plaintiff and the South Carolina Employment Security Commission, which relate to or pertain in any manner to claims for unemployment benefits and/or for unemployment benefits received and/or to matters encompassed by the Complaint and/or other pleadings herein.

12.    Any and all documents constituting, discussing or otherwise pertaining in any way to correspondence or other written or oral communications between Plaintiff and the South Carolina Human Affairs Commission which relate to or pertain in any manner to any and all charges or complaints filed with the South Carolina Human Affairs Commission against Defendant and/or to any and all matters encompassed by the Complaint and/or other pleadings herein.

13.    Any and all <u>documents</u> constituting, discussing or otherwise pertaining in any way to correspondence or other written or oral communications between Plaintiff and the United States Equal Employment Opportunity Commission which relate to or pertain in any manner to any and all charges or complaints filed with the United States Equal Employment Opportunity Commission against Defendant and/or to any and all matters encompassed by the Complaint and/or other pleadings herein.

14.    Any and all <u>documents</u> constituting, discussing or otherwise pertaining in any way to correspondence or other written or oral communications between Plaintiff and the South Carolina Workers' Compensation Commission which relate to or pertain in any manner to any and all charges or complaints filed with the South Carolina Workers' Compensation Commission against Defendant and/or to any and all matters encompassed by the Complaint and/or other pleadings herein.

15.    Any and all <u>documents</u> constituting, discussing or otherwise pertaining in any way to correspondence or other written or oral communications between Plaintiff and any other local, State or federal agency, office, department or official, other than those named in Paragraphs 11, 12, 13, and 14 above, to include, but not be limited to, the South Carolina Department of Health and Environmental Control, which relate in any manner to any and all matters encompassed by the Complaint and/or other pleadings herein.

16.    Any and all <u>documents</u> which evidence, relate or otherwise pertain to conversations or other communications with, or statements by, Defendant or any present or former employees, officers or agents of Defendant relating in any way to any and all matters encompassed by the Complaint and/or the pleadings herein.

17.    Any and all <u>documents</u> which evidence, relate or otherwise pertain to notes or other writings made by Plaintiff that relate in any manner to her employment with Defendant or to any and all matters encompassed by the Complaint and/or other pleadings herein.

18.    Any and all diaries and/or business or personal calendars and/or journals and/or appointment books, or the like, kept or possessed or maintained by, or on behalf of, Plaintiff during her employment with Defendant and up to the present.

19.    Any and all <u>documents</u> which in any way discuss, relate, refer to or otherwise pertain to the employment of Plaintiff by Defendant including, but not limited to, Plaintiff's personnel file, <u>documents</u> relating to advertisements, resumes, correspondence, letters of reference, notes, memoranda, applications for employment, offers of employment (including terms, benefits and conditions of employment), employment contracts or agreements (if any), employee handbooks, tenure of employment, wages, job status, job descriptions, any of Defendant's employment policies, rules, procedures, customs, practices, regulations or the like, changes in employment status, applications for changes in employment status, requests for transfer, searches and/or applications for jobs or positions with Defendant, requests for promotions with Defendant, changes in rates of pay, evaluations of job performance, job assignments, promotions, transfers, placements in response to said requests, reprimands, warnings, discipline, complaints, grievances, notes of grievance meetings or hearings and results of grievance proceedings, terminations from employment, pension rights and benefits, policies and procedures, and benefit statements.

20.    Any and all <u>documents</u> relating or referring to any internal complaint(s) or grievance(s) filed by Plaintiff against Defendant pertaining or relating in any way to any of the matters encompassed in Plaintiff's Complaint and/or other pleadings herein.

21.   Any and all <u>documents</u> relating or referring to any and all attempts by Plaintiff to obtain other employment **since** her termination of employment with Defendant on or about November 17, 2000, including, but not limited to, employment applications, resumes, correspondence, notes, memoranda and <u>documents</u> from any prospective employers from which employment was sought regarding interviews, applications, offers of employment and rejections of applications for employment.

22.   Any and all <u>documents</u> which evidence, relate or otherwise pertain to any and all employment of Plaintiff by any employer or self-employment or other means of support (hereinafter collectively, "Employment") or efforts or attempts by Plaintiff to seek or to obtain such Employment, from November 17, 2000, to the present including, but not limited to, <u>documents</u> relating to employment status, rate of pay, earnings, benefits, employee handbooks, benefit statements, offers of benefits to be paid for (in whole or in part) or provided by the employer(s) regardless of whether those benefits were actually obtained, evaluations of job performance, discipline, reprimands, warnings, complaints and/or grievances, advertisements, resumes, employment applications, correspondence, notes, memoranda, offers of employment and rejection of offers of employment.

23.   Any and all <u>documents</u> which in any way evidence, relate or otherwise pertain to any and all employment of Plaintiff by any employer, or self-employment, **prior to** Plaintiff's employment with Defendant including, but not limited to, <u>documents</u> relating to the names and addresses of each employer, dates of employment, resumes, applications for employment, offers of employment, terms and conditions of employment, tenure of employment, rate of employment, rate of pay, earnings and benefits, employee handbooks, job classifications, job assignments, job descriptions, promotions, job performance or evaluations thereof, reprimands,

warnings, disciplinary actions, complaints, grievances, type of separation of employment, circumstances surrounding removal, resignation, termination or separation from employment and letters of reference.

24.    Federal and State income tax returns, W-2 forms and/or 1099's and/or all of the documents which evidence, relate or refer to the amount and source of income earned or received by Plaintiff for the years1997, 1998, 1999, 2000 and 2001 when prepared, including, but not limited to, monies received from self-employment, other employers and/or the federal, State or local government.

25.    Any and all documents, including, but not limited to, W-2 forms, pay stubs, statements, invoices, bills, receipts and canceled checks, relating to or supporting Plaintiff's allegations that Defendant's acts resulted in economic loss (including, but  not limited to, lost wages, benefits, and other actual damages) to Plaintiff.

25.    All documents relating or supporting Plaintiff's allegations that Defendant's actions resulted in non-pecuniary loss to Plaintiff, including, but not limited to, emotional distress, mental anguish, humiliation and embarrassment.

26.    All bills, statements, receipts, invoices, medical records and other documents received by Plaintiff during her employment with Defendant and since her termination from Defendant for therapy, treatment, counseling or other services provided to or received by Plaintiff from any physician, psychiatrist, psychologist, psychoanalyst, social worker, therapist, counselor, or other individual.

27.    Any and all documents which refer or relate to any communication(s) which Plaintiff has had with any person concerning the fact that Plaintiff is suing Defendant or Plaintiff's claim or belief that Defendant has engaged in any unlawful conduct.

28.    Any and all <u>documents</u> which in any way discuss, relate or otherwise pertain to any other lawsuits filed by Plaintiff, or filed by others on Plaintiff's behalf, or any complaints, charges or grievances made by Plaintiff, or made by others on Plaintiff's behalf, against any person or entity.

29.    All medical records, surgical records, x-rays, x-ray reports, pharmacy records, bills, invoices, writings, notes or memoranda relating in any way to the Plaintiff's physical, medical or mental condition, including, but not limited to, those from doctors, nurses, practitioners, hospitals, clinics, institutions or other health care providers or third-party private or governmental health or accident insurers, without regard to whether it is the Plaintiff's contention that such physical, medical or mental condition, illness or disability was caused in any way by, or during, Plaintiff's employment with Defendant, for ten (10) years prior to Plaintiff's employment with Defendant up to the inception of said employment.

30.    Any and all <u>documents</u> showing or otherwise indicating that Defendant forced Plaintiff to resign and/or constructively terminated Plaintiff.

31.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff ever served in a "Director" role while working with Defendant.

32.    Any and all <u>documents</u> showing or otherwise indicating that Defendant ever placed Plaintiff in the acting Director position at Defendant's Charleston Emergency Shelter.

33.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff was "subject to discrimination, retaliation, harassment, embarrassment and humiliation" because of her race while working with Defendant.

34.    Any and all <u>documents</u> showing or otherwise indicating that the alleged discriminatory actions and practices against the Plaintiff began when Dr. Bella was hired as

Defendant's Executive Director.

35.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff was qualified to serve in a "Director" position with Defendant.

36.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff was more qualified for the position as Director of Defendant's Charleston Emergency Shelter than Judy Anagnos and Janet Rutter.

37.    Any and all <u>documents</u> showing or otherwise indicating that a Masters degree is not a requirement to serve in a "Director" position with Defendant.

38.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff was more qualified than Mary Zacharias for the Treatment Coordinator position with Defendant.

39.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff ever applied for, or made it known that she was interested in, a "Director" position with Defendant.

40.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff's conviction of a criminal offense was not the reason for her termination.

41.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff was not convicted of a criminal offense.

42.    Any and all <u>documents</u> showing or otherwise demonstrating that there were other employees of Defendant with criminal convictions who were not terminated.

43.    Any and all <u>documents</u> showing or otherwise indicating that it was not Defendant's policy to terminate employees who are convicted of a criminal offense.

44.    Any and all <u>documents</u> showing or otherwise indicating that Plaintiff was denied promotion to any position with Defendant for which she was qualified.

45.    Copies of reports from any economist, accountant or other expert concerning

Plaintiff's alleged lost wages or damages, either in the past or future.

46.    Copies of reports from any economist, accountant or other expert reducing Plaintiff's alleged lost wages or economic damages to their present value.

47.    Any and all <u>documents</u>, items or materials taken by Plaintiff from Defendant during his employment with Defendant.

48.    Any and all <u>documents</u> which in any way discuss, relate to or otherwise support the allegations contained in the Complaint, specifically including, but not limited to, allegations that as a result of the acts of Defendant, Plaintiff is entitled to compensatory damages and punitive damages as alleged therein.

49.    Any and all <u>documents</u> which evidence, relate, pertain to or otherwise support the damages alleged in the Complaint and for which Plaintiff prays judgment in the prayer for relief in the Complaint.

J. Walker Coleman, IV (Fed. ID# 6007)
E-mail: wcoleman@npjp.com
Mary L. Hughes (Fed. ID# 7067)
E-mail: mhughes@npjp.com
NEXSEN PRUET JACOBS POLLARD &
        ROBINSON, LLC
200 Meeting Street, Suite 301
P.O. Box 486
Charleston, South Carolina  29401
(843) 577-9440

ATTORNEYS FOR DEFENDANT
CHARLESTON ORPHAN HOUSE, INC., d/b/a
CAROLINA YOUTH DEVELOPMENT
CENTER

August **23**, 2002

Charleston, South Carolina

NPCHAR1:177170.1-IG-(JWC) 026006-00012

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### CHARLESTON DIVISION

DELORES L. BAXTER,

           Plaintiff,

    vs.

CHARLESTON ORPHAN HOUSE, INC.,
d/b/a CAROLINA YOUTH DEVELOPMENT
CENTER,

           Defendant.

Civil Action No.  2-02-0011-18BG

**CERTIFICATE OF SERVICE**

    I certify that a copy of the foregoing **Defendant's First Set of Interrogatories and Requests for Production** have been served upon the following counsel of record by mailing a copy of the same to him, postage prepaid, in the United States Mail, addressed as shown below this 23ed day of August, 2002.

           **James L. Bell, Esquire**
           **THE BELL LAW FIRM, P.A.**
           **184 East Bay Street, Suite 303**
           **P.O. Box 778**
           **Charleston, SC  29402-0778**

           *Enita B. Shorter*
           NEXSEN PRUET JACOBS POLLARD & ROBINSON, LLC
           200 Meeting Street, Suite 301
           P.O. Box 486
           Charleston, South Carolina  29401
           (843) 577-9440

**THE BELL LAW FIRM, P.A.**

ATTORNEYS & COUNSELORS AT LAW
SHIP CHANDLER'S BUILDING
184 EAST BAY STREET, SUITE 303
CHARLESTON, SOUTH CAROLINA 29401

MAILING ADDRESS:
P.O. BOX 778
CHARLESTON, SOUTH CAROLINA 29402-0778

e-mail: bell-law@worldnet.att.net

FACSIMILE: (843) 722-7028                                         TELEPHONE: (843) 723-3262

September 24, 2002

**VIA FACSIMILE ONLY**

J. Walker Coleman, IV, Esq.
Nexsen Pruet Jacobs Pollard & Robinson, LLC
P.O. Box 486
Charleston, SC 29402

      RE:    *Baxter v. Charleston Orphan House, Inc.*
              *d/b/a Carolina Youth Development Center*
              Civil Action No.: 2:02-0011-18BG
              Our File No.: 02-002

Dear Mr. Coleman:

      This will confirm my telephone conversation I had with your paralegal, Anita Shorter, on today's date, wherein she advised me that you have graciously agreed to allow us an extension to respond to Defendant's discovery until Monday, October 7, 2002, in reference to the above-mentioned case.

      Also, during our conversation, I advised Anita that we should have our economic expert's report to you on or before that time and most certainly before the deposition date.

      Thank you for your cooperation.  If you have any questions, please contact me.

              Sincerely,

              THE BELL LAW FIRM, P.A.

              *S/ Canaria Jean Brown*

              Canaria Jean Brown
              Paralegal

cjb

**EXHIBIT**

B

**NEXSEN PRUET**
**JACOBS POLLARD & ROBINSON, LLC**
ATTORNEYS AND COUNSELORS AT LAW

J. WALKER COLEMAN, IV
MEMBER

DIRECT DIAL
843-720-1770
WColeman@NPJP.com

October 15, 2002

**VIA FACSIMILE ONLY**

James L. Bell, Esquire
THE BELL LAW FIRM, P.A.
184 East Bay Street, Suite 303
P.O. Box 778
Charleston, SC   29402-0778

      RE:    *Delores L. Baxter v. Charleston Orphan House, Inc.,*
              *d/b/a Carolina Youth Development Center*
              Civil Action No. 2:02-0022-18

Dear Jim:

      Please let us know your available dates in November to reschedule the Plaintiff's deposition, previously scheduled for October 14, 2002.   We had to postpone Plaintiff's deposition because we have yet to receive your responses to our discovery requests.   On September 24, 2002, we granted you an extension until October 7, 2002 to respond to our discovery requests.   To date, we have not received anything from your office.   If we do not receive your responses to our discovery requests by **Friday, October 18, 2002,** we will have no choice but to file a Motion to Compel with the court.

      Also, on August 23, 2002 we requested that you provide us with your expert's report. We have yet to receive this document.   Please forward us a copy of Mr. Humphries report as soon as possible.

      We have tried to contact your office via telephone several times concerning these matters, but to no avail.   Please let me hear from you at your earliest opportunity.

      With kind regards, I remain

                         Sincerely yours,

                         J. Walker Coleman, IV

JWC,IV:jsk

EXHIBIT
_C_

200 MEETING STREET, SUITE 301, CHARLESTON, SC (29401) ◾ POST OFFICE BOX 486, CHARLESTON, SC (29402)
843-577-9440 ◾ FAX 843-720-1777
www.NPJP.com

OFFICES ALSO IN:

CHARLOTTE, NC        COLUMBIA, SC        GREENVILLE, SC        HILTON HEAD, SC        MYRTLE BEACH, SC